IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANENE BURTON,<br><br>      Plaintiff,<br><br>v.<br><br>JORDAN SCHOOL DISTRICT, a subdivision of the State of Utah; ANTHONY GODFREY, in his individual and official capacities; LAWRENCE URRY, in his individual and official capacities; and JOHN DOES 1-5,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT<br><br><br>Case No. 2:15-CV-766 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Plaintiff's Motion to Amend/Correct Complaint. For the reasons discussed below, the Court will deny Plaintiff's Motion.

  The relevant portion of Federal Rule of Civil Procedure 15(a)(2) provides that a Plaintiff may amend her complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] Plaintiff has not sought Defendants' consent, so the Court's leave is necessary for Plaintiff to file an Amended Complaint.

  In the Tenth Circuit, it is settled that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."[2] Plaintiff filed her Motion to Amend/Correct Complaint nearly eight months after the

---

[1] Fed. R. Civ. P. 15(a)(2).
[2] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citations omitted).

1

close of discovery and only after Defendants filed their Motion for Summary Judgment. Plaintiff gives no explanation for this delay.

First, Plaintiff wishes to add new claims against Urry. Plaintiff knew the facts underlying these claims at the time she filed her Complaint. Plaintiff gives no explanation for the delay and concedes that the amendment would inconvenience Defendants. The Court will deny Plaintiff's request to add new claims as untimely.

Second, Plaintiff wishes to alter her § 1983 claim to refer to the Fourteenth Amendment as opposed to the Fifth Amendment. The Fifth and Fourteenth Amendment standards are identical even though they apply to different groups of government employees. No amendment is required because the Court will analyze Plaintiff's claims under the Fourteenth Amendment.

Third, Plaintiff wishes to amend the Complaint to more clearly assert Plaintiff's request for injunctive and/or equitable relief. Plaintiff's original Complaint provides, in a preliminary statement, that "Burton seeks . . . affirmative and equitable relief."[3] In the prayer for relief, the Complaint requests "such other and further relief as the Court deems just and proper" without specifying injunctive relief.[4] Because the original Complaint can already be read to request equitable relief, the Court denies leave to allow this amendment as unnecessary and untimely.

Finally, Plaintiff requests that she be allowed to alter factual allegations to conform with Plaintiff's deposition testimony. "[A]n allegation in a pleading has no effect on our view of the facts if it is controverted by depositions, answers to interrogatories, admissions on file, affidavits,

---

[3] Docket No. 2, at 2.
[4] *Id.* at 11.

or other admissible evidence in the record."[5] The Court therefore denies Plaintiff's request to correct factual allegations as unnecessary and untimely.

It is therefore

ORDERED that Plaintiff's Motion to Amend/Correct Complaint (Docket No. 51) is DENIED.

DATED this 17th day of August, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[5] *Poteet v. White*, 2006 UT 63, ¶ 7, 147 P.3d 439.