IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANENE BURTON,<br><br>      Plaintiff,<br><br>v.<br><br>JORDAN SCHOOL DISTRICT, a subdivision of the State of Utah; ANTHONY GODFREY, in his individual and official capacities; LAWRENCE URRY, in his individual and official capacities; and JOHN DOES 1-5,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE<br><br><br>Case No. 2:15-CV-766 TS<br><br>District Judge Ted Stewart |

   This matter is before the Court on Defendants' Motion to Strike. For the reasons discussed below, the Court will grant Defendant's Motion.

   Plaintiff attached a Declaration to her Memorandum in Opposition to Defendants' Motion for Summary Judgment in which she provides a narrative of relevant events. Plaintiff previously testified regarding these events in her deposition. Defendants request the Court strike portions of Plaintiff's declaration that are inconsistent with her deposition testimony. Burton failed to respond to the motion.

   "[A]n affidavit may not be disregarded [solely] because it conflicts with the affiant's prior sworn statements. In assessing a conflict under these circumstances, however, courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham

1

fact issue."[1] "In determining whether an affidavit creates a sham fact issue, we consider whether: '(1) the affiant was cross-examined during his earlier testimony; (2) the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain.'"[2]

First, Burton was cross-examined in her deposition about the details of her contacts with Godfrey; the same contacts that Plaintiff describes in her affidavit. This factor weighs against considering the affidavit. Second, Burton has not shown that the affidavit was based on newly discovered evidence. This also weighs against considering the affidavit. Third, there is no apparent confusion in the deposition testimony, and the affidavit contradicts the deposition without any suggestion that the original testimony was incorrect. This factor also weighs against considering the affidavit.

Some of the inconsistencies between Burton's deposition and affidavit are minor. For example, one inconsistency regards whether Burton was unable to see well during the August 2010 meeting because she was crying or because she was experiencing blurred vision as a result of her type I diabetes.[3] However, some inconsistencies are substantial. Most importantly, in deposition, Burton testified that she spoke with Godfrey in August 2013 "after [Godfrey] told

---

[1] *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1169 (10th Cir. 2009) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)).
[2] *Id.* (quoting *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001)).
[3] *Compare* Docket No. 40, Ex. 12, at 96 *with* Docket No. 50, Ex. 6, ¶¶ 4–5, 14.

[her she] had really signed a resignation letter."[4] In her declaration, however, she asserts that she did not know about her August 2010 resignation until March 2015.[5]

Therefore, all three factors weigh against the Court's consideration of the affidavit in deciding the summary judgment motion, and the Court will disregard the portions that are in conflict with Plaintiff's deposition testimony.

It is therefore

ORDERED that Defendants' Motion to Strike (Docket No. 54) is GRANTED. The Court will disregard portions of Plaintiff's affidavit (Docket No. 50, Ex. 6) that conflict with Plaintiff's deposition testimony.

DATED this 17th day of August, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[4] Docket No. 40, Ex. 12, at 125.
[5] Docket No. 50, Ex. 6, ¶ 28.